IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM H. LANDRUM                                                                                  PLAINTIFF

vs.                                              Civil No. 2:14-cv-02157

CAROLYN COLVIN                                                                                      DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

William H. Landrum ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes, III, referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1.     Background:**

Plaintiff's applications for DIB and SSI were filed on October 17, 2008. (Tr. 284-295). Plaintiff alleged he was disabled due to a back condition in lower lumbar region and spina bifida occulta. (Tr. 329). Plaintiff alleged an onset date of September 25, 2008. (Tr. 329). These applications were denied initially and again upon reconsideration. (Tr. 86-92, 96-100). Thereafter, Plaintiff requested an administrative hearing on his applications and this hearing request was granted.

1

(Tr. 160-164).

An administrative hearing was held on October 16, 2009, at which Plaintiff testified and was represented by Iva Nell Gibbons. (Tr. 27-56). On March 19, 2010, an ALJ issued a decision finding Plaintiff not disabled. (Tr. 121-134). On August 4, 2010, an attorney advisor issued a favorable decision after Plaintiff filed a subsequent disability application on May 7, 2010. (Tr. 135-143). On June 8, 2011, the Appeals Council vacated the decisions and remanded the case to an ALJ for consolidation of the claims and for further administrative proceedings. (Tr. 145-48).

Plaintiff had a second administrative hearing on December 15, 2011. (Tr. 57-116). Plaintiff was present and was represented by counsel, Iva Nell Gibbons, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *Id.* At the time of this hearing, Plaintiff was sixty (60) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e), and had completed three years of college. (Tr. 61-62).

On February 1, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-20). In this decision, the ALJ determined Plaintiff met the insured status of the Act through September 30, 2013. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 25, 2008. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had the severe impairments of degenerative disc disease and osteoarthritis of the thoracolumbar spine. (Tr. 13, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

(Tr. 14-19).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  The ALJ also found Plaintiff retained the RFC for light work except he can only occasionally climb, balance, stoop, kneel, crouch, and crawl.  (Tr. 14, Finding 5).  Further, he must avoid exposure to hazards, including no driving.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 20, Finding 6).  The ALJ found Plaintiff capable of performing his PRW as a lab helper assistant, newspaper editor, and retail sales clerk.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from September 25, 2008, through the date of the decision.  (Tr. 20, Finding 7).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 6).  *See* 20 C.F.R. § 404.968.  On June 2, 2014, the Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On July 11, 2014, Plaintiff filed the present appeal.  ECF No. 1.  Both parties have filed appeal briefs.  ECF Nos. 9, 10.  This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in failing to fully develop the record, (B) in failing to properly consider Plaintiff's complaints of pain, (C) in the weight given the opinions of Plaintiff's physician, (D) in the RFC determination, and (E) in finding Plaintiff capable of performing his PRW. ECF No. 9, Pgs. 9-17. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10.

**A. Duty to Develop Record**

Plaintiff claims the ALJ failed to fully and fairly develop the record. ECF No. 9, Pg. 9-11. Plaintiff specifically claims the ALJ should have contacted the treating physician with any questions he had in order to properly develop the record. *Id.* Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that

5

the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

Plaintiff specifically argues the ALJ erred because he did not contact Dr. Laurie Fisher to seek clarification regarding the severity of Plaintiff's impairments. However, the ALJ was not required to seek clarification regarding the severity of Plaintiff's impairments from his treating physicians, including Dr. Fisher, because there were no crucial issues undeveloped in the record.

To begin with, although the duty to fully develop the record may include re-contacting a treating physician for clarification of an opinion, that duty arises only if a crucial issue is undeveloped. *See Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005). Plaintiff fails to even allege a crucial issue regarding Dr. Fisher's opinion, or any other physician, and fails to prove there was a crucial issue not developed in the record.

Additionally, there is nothing which establishes the record was inadequate for the ALJ to make his decision. The medical record included treating physician records, clinic records, physical exam reports, diagnostic evaluations, case analysis, and RFC assessments. (Tr. 468-594). Finally, Plaintiff has not presented any evidence to show further development would change the ALJ's decision. Absent unfairness or prejudice, reversal for failure to develop the record is not warranted. *Shannon v. Chater,* 54 F.3d 484, 488 (8th Cir. 1995).

Plaintiff has failed to demonstrate the record was not fully developed and that he was prejudiced by any failure to develop the record. I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

### B. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in his credibility determination. ECF No. 9, Pgs. 12-14. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 10.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In the opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 14-19). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) Plaintiff's non-compliance with treatment, (4) Inconsistencies with use of medications, and (5) Plaintiff cites lack of financial resources for treatment, yet continues to smoke cigarettes. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

### C.  ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be

granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ improperly discredited the objective findings of Dr. Fisher in assessing Plaintiff's RFC. ECF No. 9, Pgs. 14-15. However, the ALJ properly found the opinions of Dr. Fisher were not entitled to controlling weight.

In this matter, the ALJ found Dr. Fisher's opinions were not supported by his treating records and the other medical records in the transcript. (Tr. 17-18). The ALJ found Dr. Fisher's opinions were conclusory because they were provided on a "check-off" form that did not record any significant limitations from the alleged impairments; Dr. Fisher relied upon Plaintiff's subjective complaints rather than objective clinical examination findings; Dr. Fisher saw Plaintiff only two to three times a year; the objective findings did not support the required use of a cane on a regular basis, and a cane was not prescribed by a doctor. *Id.*

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. In this matter, the ALJ gave less weight to the opinions of Dr. Fisher and he set forth several

reasons in his analysis for doing so. (Tr. 17-18). The ALJ properly found Dr. Fisher's findings and examination were inconsistent with other evidence. As a result, the ALJ did not err in his treatment of Dr. Fisher's opinions.

### D. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for light work except he can only occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 14, Finding 5). Further, he must avoid exposure to hazards, including no driving. *Id.* Plaintiff argues the ALJ erred in this RFC determination because it was not supported by the medical evidence. ECF No. 9, Pg. 15-16. As

mentioned, Plaintiff has the burden of producing documents and evidence to support his claimed RFC. Plaintiff references no specific medical evidence in support of his argument.

Plaintiff argues the ALJ did not account for Plaintiff's depression/anxiety, stress, and insomnia in the RFC finding. ECF No. 9, Pgs. 15-16. To begin with, Plaintiff did not reference any specific medical evidence of these impairments. *Id.* Furthermore, Plaintiff did not allege any disabling mental impairments. (Tr. 329, 359, 381, 393, 402, 411). Evidence that a claimant does not allege an impairment as disabling either in his application or at the hearing is significant evidence that the impairment is not disabling. *See Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir. 1993).

Plaintiff also argues the ALJ did not add limitations for fatigue and medication side effects to the RFC determination. ECF No. 9, Pg. 16. As previously discussed, Plaintiff did not allege any impairment of fatigue and medication side effects. (Tr. 329, 359, 381, 393, 402, 411). Although some of Plaintiff's medications had side effects of drowsiness, in a medical report from December 15, 2010, Plaintiff indicated he was doing okay on his pain medications and did not report any side effects. (Tr. 561). The ALJ discussed this in his decision. (Tr. 16).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing light work with limitations. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### E. PRW Determination

Plaintiff claims substantial evidence does not support the ALJ's finding that Plaintiff could perform his PRW. Defendant claims substantial evidence supports the ALJ's decision that Plaintiff

11

has the RFC to perform his PRW as a lab helper assistant, newspaper editor, and as a retail sales clerk.

This Court finds the ALJ's determination that Plaintiff has the RFC to perform his PRW is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his determination. As an initial matter, it is important to note that as long as the ALJ's PRW determination is supported by substantial evidence, this Court must affirm the ALJ's decision. *See Haley,* 258 F.3d at 747. Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson,* 240 F.3d at 1147. Of course, substantial evidence requires at least *some* evidence. *Id.*

The ALJ found Plaintiff retained the RFC for light work except he can only occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 14, Finding 5). Further, he must avoid exposure to hazards, including no driving. *Id.* The ALJ went on to find Plaintiff's PRW as a lab helper assistant, newspaper editor, and retail sales clerk did not require performance of work-related activities precluded by the Plaintiff's RFC. (Tr. 20). As a result, the ALJ determined Plaintiff had not been under a disability at any time through the date of the decision. *Id.*

The ALJ asked the VE about the exertional demands and skill requirements of Plaintiff's PRW. (Tr. 102-109). In response, the VE testified Plaintiff's work as a lab assistant was light and unskilled, newspaper editor was sedentary skilled job, and he performed the retail sales clerk as a heavy semi-skilled job. *Id.* The ALJ questioned the VE based on his RFC finding and the VE testified the Plaintiff could perform his PRW as a newspaper editor, lab helper assistant, and a retail sales clerk performed at the light level. (Tr. 109-110). The VE also provided the Dictionary of Occupational Titles (DOT) number that corroborated his testimony.

It is the burden of the Plaintiff to prove he could not perform his PRW. In determining whether the Plaintiff has the capacity to perform his PRW, the regulations do not require the ALJ to call a vocational expert. *Banks v. Massanari,* 258 F.3d 820, 827 (8th Cir. 2001). Therefore, any claim the ALJ posed defective hypothetical to the vocational expert is moot.

There is substantial evidence of record to support the ALJ's RFC finding and conclusion, based upon proper VE testimony, that Plaintiff remains capable of performing his PRW.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **22nd day of April 2015.**

/s/　Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE